## Case No. 12,929.

### The SKYLARK.

[4 Biss. 388; [1] 6 Chi. Leg. News, 239.]

District Court, N. D. Illinois. July 7, 1869.

RIGHTS OF EXECUTION CREDITOR — CANNOT SELL BANKRUPT'S PROPERTY—LIEN—HOW ASSERTED— CREDITOR CANNOT SELL SECURITIES — COURT WILL RESTRAIN.

1. An execution creditor, without leave of the bankrupt court, has no right to sell under his writ after the filing of a petition in bankruptcy against the debtor; and a sale so made passes no title.

2. The creditor may assert his lien in the bankrupt court, but cannot control the property as against the assignee.

3. A creditor holding security has not an absolute power over his securities, and the court will, on application of the assignee, restrain the creditor from selling them.

In admiralty. In October, 1868, the propeller Skylark was owned by the Lake Michigan Transportation Company. She was attached in the state court, under the foreign attachment law of Illinois, the company being a corporation of Michigan. On the 11th of November, 1868, the Lake Michigan Transportation Company having been served with process in an attachment suit, a judgment in personam was rendered against the company, and a general and special execution was placed in the hands of the sheriff. The Skylark had been attached upon the mesne process, but was then held upon the final process or execution. The execution did not show any new seizure, but the sheriff sold by virtue of the execution. The company having been adjudicated a bankrupt prior to the sale, the assignee claimed the propeller.

Chas. Hitchcock, for judgment creditor.

As matter of law, when this general execution went into the hands of the sheriff, it

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

became a lien upon all the property of the corporation. On the 11th of November, 1868, the execution went into the hands of the sheriff, and subsequently proceedings were instituted in bankruptcy, but the attachment having matured into an execution lien prior to the filing of the petition, the proceedings in bankruptcy do not divest the lien of the execution.

R. Rae and Samuel W. Fuller, for assignee.

DRUMMOND, District Judge. I do not think the sale was valid. There might have been a lien, but I think the proceedings in bankruptcy vested in the bankrupt court the property of the bankrupt. The creditor could go into the bankrupt court and claim the lien. That should be done, admitting that the lien was a valid one. The assignee has a right to the property subject to the lien. The creditor may hold on to the lien, and require the payment of the money before he relinquishes it, or he may proceed with the execution, with the consent of the bankrupt court, but he cannot control the property as against the assignee.

Where a party has property in his possession, stocks, notes, or securities of any kind, upon which he has made an advance, and undertakes to sell it, the assignee can stop the sale, and prevent the property from being sacrificed. But the court would require the holder to be repaid his advances on the property, whatever they might be. He has not an absolute but a qualified power over the property.

There is force in this consideration; there might have been a very small claim against this vessel under the attachment. It was sold after the petition in bankruptcy was filed. Now by that sale, if the absolute control over the property is acquired, it might be for a very inconsiderable portion of her value.

The sale being invalid, the title still remains in the assignee, subject to the lien of the judgment creditor. Decree accordingly.

[See Case No. 12,928.]

NOTE. If there is a valid lien under the state laws, it will follow the property into the court of bankruptcy, and will be there recognized, protected and enforced. The principle, supported by authority, seems to be that whenever the law gives a creditor the right to have a debt satisfied from the proceeds of property, or before the property can be otherwise disposed of, it gives a lien on such property to secure the payment of the debt; but the assignee, not the creditor, must determine what course shall be pursued in regard to it. In re Wynne [Case No. 18,117].

Where the sheriff has made a levy on execution, before the commencement of the proceedings in bankruptcy, and the validity of the judgment upon which the execution issued is not questioned, he may be allowed to sell, unless the sale would be injurious to the general creditors. Pennington v. Sale [Case No. 10,939]; Jones v. Leach [Id. 7,475]; In re Bowie [Id. 1,728]; In re Wilbur [Id. 17,633].

The commencement of proceedings in bankruptcy transfers to the bankrupt court the jurisdiction over the bankrupt, his estate, and all parties and questions connected therewith, and operates as a supersedeas of the process in the hands of the sheriff, and as an injunction against all other proceedings than such as might be had under the authority of the bankrupt court, until the question of bankruptcy is disposed of. Jones v. Leach [supra].

The jurisdiction of a district court of the United States, sitting as a court of bankruptcy, is superior and exclusive in all matters arising under the state statutes. No court of an independent state jurisdiction can withdraw the property surrendered, or determine, in any degree, the manner of its disposition. In re Barrow [Case No. 1,057].

Where the property would be sacrificed by a sheriff's sale, but by proper management could be sold for a sum sufficient to pay the judgment creditor in full and leave a balance for the general creditors, an injunction will be granted. In re Schnepf [Case No. 12,471].

The bankrupt court has power, where a judgment was obtained in a state court, and execution issued thereon, and levy made by the sheriff on debtor's property before he filed his petition in bankruptcy, to allow the goods to be sold under the execution, or to enjoin proceedings thereunder, and to order the assignee to take possession and sell the goods, with leave to the judgment creditors to apply for an order to have their liens satisfied out of the proceeds. In re Schnepf, supra.

A mortgage creditor may, however, upon notice of the assignee, apply to the court to have the mortgaged property sold. In re Bigelow [Case No. 1,396]; In re Davis [Id. 3,618]; In re Ruehle [Id. 12,113]; In re Smith [Id. 12,984]; In re Frizelle [Id. 5,133].

Some of the state courts have held that where a sheriff had seized the property under final process, the ordinary bankruptcy proceedings do not interfere with the proceedings by the sheriff, and that the sheriff should proceed to sell the property unless prevented by some proceeding instituted in the bankruptcy court. Sharman v. Howell, 40 Ga. 257; Fehley v. Barr, 66 Pa. St. 196. Such, however, is not the ruling of the federal courts.

A sale made, whether under judgment or mortgage, without the consent of the bankruptcy court, is subject to be set aside by that court. Davis v. Anderson [Case No. 3,623]. But where execution on final judgment has been levied prior to the commencement of bankruptcy proceedings, the possession by the officer cannot be disturbed by the assignee; he is only entitled to the residue after satisfying the execution. Marshall v. Knox, 16 Wall. [83 U. S.] 551.